# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RUSSELL SPETTEL,

                Plaintiff,

v.

POLY VINYL CO., INC.,

                Defendant.

Case No. 23-CV-1681-JPS

**ORDER**

      In December 2023, Plaintiff Russell Spettel ("Plaintiff") filed this class and collective action alleging that Defendant Poly Vinyl Co., Inc. ("Defendant") violated the Fair Labor Standards Act ("FLSA") and Wisconsin's Wage Payment and Collection Laws ("WWPCL"). ECF No. 1.

      In January 2025, the parties reached a settlement through mediation. ECF No. 19. In March 2025, the parties filed a stipulation to certify for settlement purposes only a collective action pursuant to the FLSA and a class action under Rule 23 of the Federal Rules of Civil Procedure. ECF No. 20. The proposed FLSA Collective is defined as

> [a]ll hourly-paid employees of Defendant in the State of Wisconsin employed at any time between January 1, 2022, and December 31, 2024, and who were subject to Defendant's rounding system and/or received a material incentive payment in addition to their hourly rates of pay, and who return a Consent to Join Form within forty-five (45) calendar days of the postmark on the parties' Notice of Class and Collective Action Settlement.

*Id.* at 1. The proposed Rule 23 Class is defined as

> [a]ll hourly-paid employees of Defendant in the State of Wisconsin employed at any time between January 1, 2022,

and December 31, 2024, and who were subject to Defendant's rounding system and/or received a material incentive payment in addition to their hourly rates of pay, and who neither return a Consent to Join Form nor file a Request for Exclusion within forty-five (45) calendar days of the postmark on the parties' Notice of Class and Collective Action Settlement.

*Id.* at 2.

Being satisfied that the requirements of Rule 23 and 29 U.S.C. § 216(b) are met, *see id.*, the Court will adopt the stipulation and certify the proposed class and the proposed collective.

The parties also submitted a joint motion for preliminary approval of their settlement of the class and collective action. ECF No. 21. They have attached a proposed notice to the class and collective as Exhibit B to the proposed Settlement Agreement & Release. ECF No. 21-1 at 23–28. The settlement provides for a gross monetary settlement payment of $230,000. ECF No. 21 at 1; ECF No. 21-1 at 2. This amount encompasses various costs including payments to participating class and collective members, an anticipated service payment to Plaintiff of $7,500.00, anticipated attorneys' fees of $76,666.67, and case-related costs of $405.00. ECF No. 21 at 6; ECF No. 21-1 at 7–8.

Prior to settlement of a class action, the Court must approve the parties' settlement agreement. *See* Fed. R. Civ. P. 23(e); *see also Koch v. Jerry W. Bailey Trucking, Inc.*, 51 F.4th 748, 752 (7th Cir. 2022) ("[T]he FLSA restricts one's ability to contract for wages below the minimum wage, so any settlement of an FLSA claim requires a judicial imprimatur." (citing *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986)). The Court's task under Rule 23(e) is to determine whether the settlement is "fair,

Page 2 of 9
Case 2:23-cv-01681-JPS    Filed 08/14/25    Page 2 of 9    Document 23

adequate, reasonable, and not a product of collusion." *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 279 (7th Cir. 2002) (quoting *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2d Cir. 2000)). Courts typically approve settlements that are the "result of 'contentious arm's-length negotiations'" that are "undertaken in good faith by counsel," where "serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 995 (N.D. Ind. 2010) (quoting *Misiewicz v. D'Onofrio Gen. Contractors*, No. 08 CV 4377(KAM)(CLP), 2010 WL 2545439, at *3 (E.D.N.Y. May 17, 2010)). To aid in determining whether a settlement should be approved, courts consider multiple factors including

> (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceeding and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendants to withstand a larger judgment; (6) the range of reasonableness of the settlement fund in light of the best possible recovery; and (7) the range of reasonableness of the settlement fund in light of all the risks of litigation.

*Hoaglan v. Grede Holdings LLC*, No. 20-CV-425-PP, 2022 WL 2703854, at *2 (E.D. Wis. July 12, 2022) (quoting *Paredes v. Monsanto Co.*, No. 4:15-CV-088 JD, 2016 WL 1555649, at *2 (N.D. Ind. Apr. 18, 2016)).

The motion for settlement approval and record as a whole lack detail on several points relevant to this analysis. The motion does not indicate "the complexity, expense, and likely duration of the litigation" apart from generally asserting that the settlement was reached "in recognition of the risks, uncertainty, expenses, and costs faced by the parties if they continued the litigation." *Hoaglan*, 2022 WL 2703854, at *2; ECF No. 21 at 8. Given the

lack of detail, this factor neither supports nor undermines preliminary approval. Similarly, the motion omits information regarding "the ability of the defendant[] to withstand a larger judgment." *Hoaglan*, 2022 WL 2703854, at *2.

With respect to "the stage of the proceeding and the amount of discovery completed," *id.*, this factor appears to support preliminary settlement approval. The parties began engaging in formal discovery in approximately June 2024. ECF No. 21 at 3 (citing ECF No. 22 at 1). In September 2024, the parties "pause[d]" their litigation efforts—including discovery—pending mediation. *Id.* at 4 (citing ECF No. 22 at 2). It appears that the parties "exchange[d] information sufficient to gain a fairly clear understanding of the nature of the case and the claims advanced by Plaintiff[]." *Burkholder*, 750 F. Supp. 2d at 995 (citing *Singer v. Becton Dickinson & Co.*, No. 08-CV-821-IEG (BLM), 2010 U.S. Dist. LEXIS 53416, at *6 (S.D. Cal. June 1, 2010))).

With respect to the risks of establishing liability and damages, there appears to be a genuine such risk since "neither party has ever conceded their respective positions on the merits of Plaintiff's claims" and Defendant has "denied any wrongdoing or liability." ECF No. 21 at 4 (citing ECF No. 21-1 at 1).

With respect to "the range of reasonableness of the settlement fund in light of the best possible recovery" and "the range of reasonableness of the settlement fund in light of all the risks of litigation," *Hoaglan*, 2022 WL 2703854, at *2, the Court is overall satisfied that these factors support preliminary settlement approval. On the one hand, the motion is not explicit about the sort of recovery that Plaintiff could face if he were to proceed to, and succeed at, trial. *See Burkholder*, 750 F. Sup. 2d at 995–96

(noting as relevant to preliminary settlement approval that counsel had estimated and set forth in motion the actual damages that could be recovered at trial). That said, Plaintiff's counsel does describe his analysis of the effect of Defendant's two timekeeping systems and the basis of the calculations used to determine the amounts to be allocated to class and collective members. ECF No. 22 at 2–4. With the benefit of that analysis and calculations, and with the assistance of mediation by a magistrate judge, counsel represents that the settlement amount is "representative" of what the Settlement Class Members "were calculated to be allegedly owed." ECF No. 21 at 8. The Court will accept this representation.

Notwithstanding the neutral disposition of several factors and the lack of detail on several relevant points,[1] the Court is overall satisfied that the settlement should be preliminarily approved. The settlement appears to have been reached in good faith through extensive arms-length negotiation and mediation. *See Burkholder*, 750 F. Supp. 2d at 995 (noting as relevant to preliminary settlement approval that the parties participated in mediation to negotiate the settlement).

The Court will therefore grant the joint motion for preliminary approval of the class and collective settlement, ECF No. 21, and will incorporate the parties' proposed items of relief below, to manage the settlement process and ultimately conclude this litigation.

---

[1] In future settlement approval filings with this Court, counsel should endeavor to set forth detailed, particularized information by which the Court can assess the reasonableness of the proposed settlement, bearing the above enumerated factors in mind. Generalized, boilerplate assertions of reasonableness will not do.

Accordingly,

**IT IS ORDERED** that the parties' stipulation for class and collective action certification, ECF No. 20, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that the parties' joint motion for preliminary approval of the class and collective action settlement, ECF No. 21, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Rule 23 class is certified, for settlement purposes, pursuant to Federal Rule of Civil Procedure 23(c)(1). The Court finds that this class meets the requirements of Rule 23(a) and (b)(3). The Rule 23 Class is defined as follows:

> All hourly-paid employees of Defendant in the State of Wisconsin employed at any time between January 1, 2022, and December 31, 2024, and who were subject to Defendant's rounding system and/or received a material incentive payment in addition to their hourly rates of pay, and who neither return a Consent to Join Form nor file a Request for Exclusion within forty-five (45) calendar days of the postmark on the parties' Notice of Class and Collective Action Settlement;

**IT IS FURTHER ORDERED** that the following FLSA collective is certified for settlement purposes pursuant to 29 U.S.C. § 216(b):

> All hourly-paid employees of Defendant in the State of Wisconsin employed at any time between January 1, 2022, and December 31, 2024, and who were subject to Defendant's rounding system and/or received a material incentive payment in addition to their hourly rates of pay, and who return a Consent to Join Form within forty-five (45) calendar days of the postmark on the parties' Notice of Class and Collective Action Settlement;

**IT IS FURTHER ORDERED** that Plaintiff Russell Spettel shall serve as the Class Representative;

**IT IS FURTHER ORDERED** that Walcheske & Luzi, LLC is hereby appointed as Class Counsel; and

**IT IS FURTHER ORDERED** that:

1. The Court preliminarily approves the parties' Settlement Agreement & Release, ECF No. 21-1, as the Court finds that the settlement terms negotiated by the parties and described in the Settlement Agreement & Release are a fair and reasonable resolution of a *bona fide* dispute;

2. The Court approves the Notice of Class and Collective Action Settlement and Consent to Join Form attached as Exhibits B and C to the Settlement Agreement & Release (the "Notice Packet"), as the Notice Packet constitutes the best notice practicable under the circumstances, including individual notice to all class members and collective members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to class members and collective members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

3. Each putative Settlement Class Member who wishes to be excluded from the class must exclude him or herself no later than **forty-five (45) days** after the mailing of the Notice Packet ("Notice Period"), per the instructions set forth in the Notice Packet;

4. Any Settlement Class Member who wishes to participate in the FLSA Collective must submit a Consent to Join Form during the Notice Period;

5. Any class member who has not properly and timely requested exclusion from the Rule 23 settlement class, and any FLSA collective member who has chosen to participate in the collective, shall be

bound by the Settlement Agreement & Release in the event the Court issues a final order approving the Settlement Agreement and Release;

6. The Court will conduct a Fairness Hearing in Courtroom 425, 517 East Wisconsin Avenue, Milwaukee, Wisconsin, 53202, on **Thursday, December 18, 2025 at 8:30 A.M.** to determine whether the Settlement Agreement & Release should be approved as fair, reasonable, and adequate and whether the proposed final order approving the Settlement Agreement & Release should be entered, as well as the amount of attorney's fees, costs, and expenses that should be awarded to class counsel and service payment that should be awarded to Plaintiff Russell Spettel;

7. The parties shall file their joint motion for final settlement approval at least **twenty-one (21) days prior to the Fairness Hearing**;

8. Plaintiff shall apply for any service payment as well as attorneys' fees and costs at least **twenty-one (21) days prior to the Fairness Hearing**, pursuant to Rule 23(h);

9. Any supplemental brief in support of final approval of the Settlement Agreement and Release or in response to any objections to the application for attorneys' fees be filed at least **seven (7) days prior to the Fairness Hearing**; and

10. Any class or collective member who wishes to object in any way to the proposed Settlement Agreement and Release or to Plaintiff's application for attorneys' fees and costs must submit such written objections per the instructions set forth in the Notice Packet; the Court will not consider objections of any class or collective member who has not properly and timely complied with such instructions. Class Counsel shall notify the Court of the receipt of any such objections by filing on the docket no later than **seven (7) days prior to the Fairness Hearing**.

Dated at Milwaukee, Wisconsin, this 14th day of August, 2025.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge