# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RUSSELL SPETTEL, *on behalf of himself and all others similarly situated*,

          Plaintiff,

v.

POLY VINYL CO., INC.,

          Defendant.

Case No. 23-CV-1681-JPS

**ORDER**

On December 18, 2025, the Court conducted a fairness hearing on the parties' request for final approval of their "Settlement Agreement and Release" in connection with this litigation regarding the Fair Labor Standards Act ("FLSA") and the Wisconsin Wage Payment and Collections Laws ("WWPCL"). ECF No. 32; ECF No. 21-1. For the reasons explained at the fairness hearing, the Court will grant the joint motion for final approval of collective and class action settlement, ECF No. 27, as well as Plaintiff's unopposed motion for attorney's fees and costs, ECF No. 29. The Court also approves of the service award to named Plaintiff Russell Spettel, and it will grant that motion as well. ECF No. 28. As such, the Court will incorporate the terms of the parties' proposed order below.

Accordingly,

**IT IS ORDERED** that the joint motion for final settlement approval, ECF No. 27, be and the same, is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the parties' "Settlement Agreement and Release," ECF No. 21-1, be and the same is hereby

**APPROVED** as a fair, reasonable, and adequate resolution of a bona-fide wage dispute under the FLSA and WWPCL;

**IT IS FURTHER ORDERED** that, consistent with the parties' stipulation, ECF No. 20, and the Court's prior Order, ECF No. 23, the Rule 23 class defined in the stipulation be and the same is hereby **CERTIFIED**, pursuant to Rule 23(c)(1), for purposes of final disposition. The parties have designated this class as the "Rule 23 Class." The Rule 23 Class is defined as follows:

> All hourly-paid employees of Defendant in the State of Wisconsin employed at any time between January 1, 2022, and December 31, 2024, who were subject to Defendant's rounding system and/or received material incentive payment in addition to their hourly rates of pay and who neither returned a Consent to Join Form nor filed a Request for Exclusion within forty-five (45) calendar days of the postmark on the parties' (re)mailed Notice of Class and Collection Action Settlement;

**IT IS FURTHER ORDERED** that, consistent with the parties' stipulation, ECF No. 20, and the Court's prior Order, ECF No. 23, the Section 216(b) Collective be and the same is hereby **CERTIFIED** for purposes of final disposition. The parties have designated this collective as the "FLSA Collective." The Section 216(b) Collective is defined as follows:

> All hourly-paid employees of Defendant in the State of Wisconsin employed at any time between January 1, 2022 and December 31, 2024 and who were subject to Defendant's rounding system and/or received material incentive payment in addition to their hourly rates of pay and who returned a Consent to Join Form within forty-five (45) calendar days of the postmark on the parties' Notice of Class and Collection Action Settlement as (re)mailed;

Together, the Rule 23 Class and FLSA Collective are defined as the Settlement Class;

**IT IS FURTHER ORDERED** that the "Settlement Agreement and Release," ECF No. 21-1, shall bind Plaintiff, Defendant, and all members of the Settlement Class;

**IT IS FURTHER ORDERED** that the issuance of settlement payments to all members of the Settlement Class be and the same are hereby **AUTHORIZED** in accordance with the parties' Settlement Agreement and Release;

**IT IS FURTHER ORDERED** that Plaintiff Russel Spettel's released claims and the respective released claims of all members of the Settlement Class be and the same are hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that the federal claims pursuant to the FLSA of any Settlement Class member who did not timely file their Consent to Join forms with the Court be and the same are hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that the federal claims pursuant to the FLSA and state law claims pursuant to Wisconsin's Wage Payment and Collective Law of any putative Rule 23 Class member who properly and timely excluded themselves in accordance with the procedures in the Settlement Agreement be and same are hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff's unopposed motion for approval of a service award, ECF No. 28, in the amount of $7,500.00 to named Plaintiff Russel Spettel, which the parties have stipulated and agreed is reasonable, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's unopposed motion for approval of attorneys' fees and costs, ECF No. 29, in the amount of $77,071.67, which the parties have stipulated and agreed is reasonable, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this matter be and same is hereby **DISMISSED** without further costs to either party.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of January, 2026.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge